[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's first assignment of error, in which he challenges the trial court's imposition of the maximum statutory sentence upon his conviction of the fourth-degree felony of assault on a peace officer. The court's imposition of the maximum authorized sentence cannot be said to be either contrary to law or unsupported by the evidence, when the record of the proceedings below demonstrates the court's compliance with the controlling sentencing provisions and discloses an evidentiary fundament for each of its findings. See R.C. 2929.14(C),2929.19(B)(2)(d) and 2953.08(G)(1)(a) and (b).
We also overrule the appellant's second assignment of error, in which he challenges the balance struck by the jury in weighing the evidence before it, because we find nothing in the record to suggest that the jury, in resolving the conflicts in the evidence, lost its way or created such a mani-fest miscarriage of justice as to warrant the reversal of the appellant's conviction. See Tibbsv. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; State v. Martin
(1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.